IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ISAAC KING, JR., | : |
| Plaintiff, | : |
| v. | : Case No. 5:23-cv-00341-TES-CHW |
| DOOLY STATE PRISON, *et al.*, | : |
| Defendants. | : Proceedings Under 42 U.S.C. §1983<br>Before the U. S. Magistrate Judge |

**ORDER**

*Pro se* Plaintiff Isaac King, Jr., a prisoner at Dooly State Prison in Unadilla, Georgia, filed this 42 U.S.C § 1983 complaint. ECF No. 1. Plaintiff did not pay a filing fee or request leave to proceed without prepayment of the filing fee. In order to proceed, Plaintiff must either pay the $402.00 filing fee or, if indigent, file a motion to proceed *in forma pauperis* that includes the required statutory supporting documentation. A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

If Plaintiff's complaint is an attempt to raise constitutional claims under 42 U.S.C § 1983, his present pleading is insufficient. Plaintiff vaguely complains that he fell from a top bunk, injuring his mouth, and that he is not receiving medical treatment after undergoing surgery. ECF No. 1 at 5. Plaintiff names Dooly State Prison and the Medical Unit and Dental Clinic as Defendants. ECF No. 1 at 1 and 4.

A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Conclusory references to "administration", "staff", "employees", "unit", and all persons within an organization in general fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Collective liability, when claims are brought against unspecified defendants such as "all positions" or "staff" or "employees", is not permitted under § 1983. A plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

Likewise, a state prison such as Dooly State Prison is not a legal entity subject to suit and is not a "person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26,

2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

In addition to naming the medical unit, the dental clinic, and the prison itself as Defendants, Plaintiff also lists "Joe James" as a Defendant. ECF No. 1 at 4. It is unclear why Plaintiff has named this person as a Defendant because there are no allegations whatsoever within the body of the complaint which implicate him in any unconstitutional act. *See id*. at 4-5. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas*, 535 F.3d at 1322 (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Because Plaintiff is proceeding *pro se*, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Thus, Plaintiff is now required to

submit an amended complaint on the Court's standard § 1983 form if he wishes to proceed with this civil action. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff is hereby notified that **one sole operating complaint** is permissible. Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments. In other words, the Court will not refer to the original complaint to determine whether Plaintiff has stated a viable claim.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

---

[1] Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). A complaint must allege facts showing

4

  (3)  When and where did each action occur (to the extent memory allows)?

  (4)  How were you injured because of this Defendant's actions or inactions?

  (5)  What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. If Plaintiff fails to follow the instructions of this Court Order, his complaint will be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

Plaintiff must truthfully and completely answer each question presented on the

---

either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming dismissal of supervisory liability claims because the record failed to show that defendants "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Court's standard form including but not limited to his litigation history and his efforts to exhaust his administrative remedies. Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. **The total complaint must be no longer than ten (10) pages.** Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) either pay the filing fee or if indigent, properly file a motion to proceed *in forma pauperis* that includes a certified account statement for the previous six months, signed by a prison official. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this complaint.** There will be no service of process in this case until further order of the Court. The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed IFP, and the appropriate certification form (with the civil action number shown on all) to Plaintiff.

So **ORDERED and DIRECTED**, this 20th day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge